## Ex parte Woodville Lodge No. 3581, Grand United Order of Odd Fellows.

(In Banc. Oct. 2, 1939.)

[191 So. 89. No. 33798.]

**W. F. Tucker**, of Woodville, for appellant.

Jones & Stockett, and **W. Roger Jones,** all of Woodville, for appellee.

Argued orally by **W. F. Tucker,** for appellant, and **W. Roger Jones,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

The petitioner brought this proceeding in the Chancery Court of Wilkinson County, alleging its existence as a corporation and seeking a decree of dissolution and the surrender of its charter. The petition was signed and sworn to by A. J. Glenn and Peter Ashford who were alleged to be the sole surviving members of the lodge, and entitled to all of the corporate assets upon the sur-

render of the charter and the legal dissolution of the corporation.

It was further alleged that the petitioner owed no debts of any kind to any person; that the corporation had performed and discharged all obligations imposed upon it by law; and. that due to the death, withdrawal, or cessation of membership for any cause of the other members, officers or directors, the said Glenn and Ashford were the only persons left who were entitled to participate in the ownership of the assets of said incorporated lodge.

The petition also prayed for the publication of the proper notice for the time required by law to all persons having claims against the corporation to appear and make proof thereof in order that the same might be adjudicated. This was accordingly done, and with the result that the appellant, Sallie Poole, appeared and interposed a demurrer to the petition in the caption of which she referred to herself as a creditor. The demurrer was overruled, and she was thereupon granted an appeal to this Court to settle ''the controlling principles of law in the case.''

It is unnecessary to set out in this opinion the several grounds of demurrer. Suffice it to say the demurrer, under the well settled principles of pleading, confessed the allegation of fact in the petition to the effect that there were no debts owing by the corporation, and that hence there were no creditors. The appellant did not otherwise advise the court as to how her interest would be affected by the decree of dissolution prayed for. Nor did she obtain leave of the court to intervene as a party to the suit to contest the allegations of the petition or deny the asserted right of the surviving members of the lodge, Glenn and Ashford, to the corporate assets.

Under the law, and pursuant to the notice to creditors, if any there were, the appellant would have been entitled, if in fact she was a creditor, to appear and establish her claim and have the same fixed as a charge against the assets of the corporation in the hands of such persons to whom the same would pass upon a dissolution thereof,

She was not entitled to bring into issue by demurrer the allegation of the petition to the effect that there were no debts. Nor could she challenge the legal sufficiency of the petition as to whether Glenn and Ashford were alone entitled to share in the corporate assets without first obtaining leave of the court, upon proper showing, to intervene as a party, or to appear as amicus curiae.

It therefore follows that the action of the court below in overruling the demurrer was correct, and that the cause should be affirmed and remanded for further proceedings.

Affirmed and remanded.